José Irene Colón et al., demandantes y recurrentes, v. Alberto López Muñiz et al., demandados y recurridos.

Número: 12744  Resuelto: 29 de enero de 1963

*Héctor Ramos Mimoso*, abogado de los recurrentes; *L. Morales Contreras* y *Federico E. Virella*, abogados de los recurridos.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Rigau y Dávila.

PER CURIAM: Alberto López Rodríguez falleció en Caguas el 8 de diciembre de 1951. Dejó once hijos. Sólo uno, Cristina, era hija de matrimonio legalmente constituido. Los otros diez eran hijos de cuatro uniones extramatrimoniales. La sentencia en este pleito declaró a estos diez hijos naturales reconocidos. Y todos aceptan el fallo.

El tribunal de instancia determinó que "[e]n fecha anterior a su muerte don Alberto hizo depósitos de dinero en el Banco de Ponce, cantidad que a su muerte ascendía a cerca de $4,000 y cuya cuenta aparece a nombre de su hijo Alberto López Muñiz. . ." "A su muerte había igualmente un balance a su favor de $477.60 en el Banco Popular de Puerto Rico, Sucursal de Caguas. . . ." "Poseía además don Alberto al mo-

rir $2,000 en bonos del gobierno, según declaración de su hija". (¹)

Cuando murió López Rodríguez, vivía en compañía de sus hijos de apellidos López Muñiz, que son los demandados en este pleito, y de la madre de éstos. Se inició este pleito para que se determinara que los $4,000 depositados en la cuenta del Banco de Ponce, pertenecían al caudal hereditario, y no eran de la pertenencia de Alberto López Muñiz, a cuyo nombre estaba la cuenta. La defensa de éste fue al efecto de que su padre le había donado esa cantidad para que siguiera estudios en los Estados Unidos. Y el juez de instancia así lo determinó.

Así, tenemos que un padre que tiene once hijos, y que según la prueba sólo existía al morir un capital de $4,477.60, dona $4,000 a uno de sus hijos para que éste estudie en los Estados Unidos. La prueba claramente revela que los $2,000 que la corte determinó que el padre tenía en bonos, fueron retirados del correo tres meses antes de su muerte y que no pudieron ser localizados sin poderse precisar el uso que el causante hizo de ellos. Así lo revela la propia prueba de los demandados.

Independientemente del hecho de las consecuencias legales que tiene el que un padre le done a uno de sus once hijos $4,000 de un caudal de $4,477.60, Art. 578, Código Civil, 31 L.P.R.A. sec. 2023, un análisis cuidadoso de la prueba nos convence que no hubo tal donación. Veamos.

■ Alberto López Rodríguez abrió una cuenta en el Banco de Ponce, Sucursal de Caguas a nombre de su hijo Alberto López Muñiz. Esto ocurrió el 30 de enero de 1951. La primera entrada fue de $1,195.00. A la fecha del deceso tenía un balance de $3,916.85. La prueba revela que López Muñiz estudiaba el curso de alta escuela por el día, y que por la

---

(¹) Aunque no se hizo determinación al efecto, de la prueba aparece que el causante tenía una participación de un 50% en una casa valorada en $670.

noche tomaba durante el último año un curso comercial. Que se graduó de ambos cursos durante el año 1951; que necesitó $15 para pagar el diploma del curso comercial, cuando ya el padre había abierto la cuenta y éste no le facilitó la cantidad requerídale. Afirma en su propia declaración que él no podía retirar dinero de la cuenta si no era con el consentimiento de su padre. A mediados del año 1951 se marcha a los Estados Unidos, se dice que para estudiar cirugía menor. No estudia y lo que hace es trabajar en una fábrica de maletas. En el interrogatorio que se le sometió antes del juicio se le pregunta: "Diga el demandado Alberto López Muñiz si es o no'cierto que su viaje hacia los Estados Unidos fue a trabajar y no para seguir estudios superiores y que como cuestión de hecho dicho demandado trabajó entre otros trabajos en una fábrica de maletas" a lo que contestó que era cierto. Cuando durante el juicio su abogado le pregunta que por qué había contestado en esa forma replica: "Porque yo salí a estudiar un curso de cirugía menor que a mi entender no son estudios superiores. Estudios superiores son como uno coger un abogado, un ingeniero".

La explicación que da el demandado a la pregunta de su abogado no parece adecuada. Específicamente se le había preguntado si su viaje a Estados Unidos fue a trabajar y no para seguir estudios superiores y a esto contesta afirmativamente, explicando que lo que había ido a estudiar él no lo consideraba estudios superiores. Es por demás insatisfactoria la explicación. Aunque considerara que la cirugía menor no eran estudios superiores, debió haber contestado que su interés era estudiar cirugía menor y no trabajar, pero no admitir, como de hecho admitió, que había ido a trabajar.

Esto es de gran importancia para apreciar la prueba aducida. Se desvirtúa en gran parte la versión de que el padre donó el dinero que aparecía en la cuenta del Banco de Ponce para estudiar, si el supuesto donatario al marcharse

a los Estados Unidos no lo hace con la intención de cursar estudios. Cfr. *Ruiz* v. *Ruiz*, 61 D.P.R. 823 (1943).

■ Teniendo en cuenta el caudal que dejó al morir el padre de las partes que litigan este pleito, sería claramente inoficiosa la alegada donación, Art. 578, Código Civil, *supra*, pero luego de considerar toda la prueba aducida, estamos convencidos que no hubo tal donación. *Procede revocar la sentencia recurrida y dictar otra declarando con lugar la demanda en todas sus partes.*